# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 14-cv-06516 |
| THE COLEMAN LAW FIRM | ) ) | Judge Sharon Johnson Coleman |
| Defendant. | ) ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, the Federal Deposit Insurance Corporation ("FDIC"), as receiver for First DuPage Bank ("the Bank"), filed a complaint against the Coleman Law Firm ("Coleman") to recover a $100,000 advanced payment retainer ("the retainer") paid to Coleman pursuant to a written agreement ("the Retainer Agreement") between Coleman, the Bank, and three of the Bank's directors and officers ("the Inside Directors"). The FDIC alleged in its complaint that the provisions in the Retainer Agreement concerning the retainer were and are void *ab initio* because they violate 12 U.S.C. § 1828(k)(3), which prohibits institutions insured by the FDIC from prepaying "any liability or legal expense of any institution-affiliated party" in contemplation of insolvency with the purpose or effect of preventing proper distribution of the institution's assets to its creditors. Coleman moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(7) for failure to join a necessary party under Federal Rule of Civil Procedure 19. [11] For the reasons stated below, the Court denies the motion.

**Background**

The following facts taken from the Complaint are accepted as true for purposes of ruling on the motion to dismiss now before the Court. In August 2009, the Inside Directors and the Bank

executed the Retainer Agreement, pursuant to which Coleman was retained to represent the Inside Directors in any actions brought against them in their capacity as directors and officers of the Bank. (Dkt. 1, ¶ 22-27). Also pursuant to the Retainer Agreement, the Bank prepaid Coleman $100,000 for the Inside Directors legal fees and expenses. *Id.* In October 2009, the Illinois Department of Financial and Professional Regulation seized the Bank and appointed the FDIC as receiver. *Id.* ¶ 39. The Bank paid Coleman the retainer on behalf of the Inside Directors in contemplation of the Bank's insolvency and for the purpose of preferring the creditor claims of the Inside Directors over the creditor claims of the FDIC. *Id.* ¶ 48-49. The FDIC then filed suit to recover the retainer payment. (Dkt. 1). Coleman moves to dismiss for failure to join a required party. (Dkt. 11).

**Legal Standard**

When evaluating a Rule 12(b)(7) motion, the court must accept the allegations in the complaint as true and may consider extrinsic evidence beyond the pleadings. *Ochs v. Hindman,* 984 F. Supp.2d 903, 906 (N.D. Ill. 2013). The movant bears the burden of demonstrating that an absent party is necessary and indispensable. *Id.* Analysis proceeds in two steps. The court must first determine if the absent party is necessary—or, per the Rule's terms, "required to be joined if feasible." Fed. R. Civ. P. 19(a); *Askew v. Sheriff of Cook Cnty.,* 586 F.3d 632, 635 (7th Cir. 2009). If the party is necessary but joinder is not feasible, the court then evaluates whether the party is indispensable. Fed. R. Civ. P. 19(b); *Askew,* 568 F.3d at 635. If the court finds the absent party is not necessary, it need not proceed to the next step of analysis. *Askew,* 568 F.3d at 635.

**Discussion**

Coleman moves to dismiss the FDIC's complaint under Rule 12(b)(7) for "failure to join a required party under Rule 19." (Dkt. 11 at 1). Coleman argues that the Inside Directors are required and indispensable parties to this action, and their joinder is not feasible.

2

Under Rule 19(a)(1), an absent party is required to be joined if feasible if one of the following is true: (1) "the court cannot accord complete relief among existing parties" without joinder of the absent party; (2) the absent party "claims an interest relating to the subject of the action" and will be impeded or impaired in its ability to protect that interest; or (3) an existing party is "subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations" because of the absent party's claimed interest relating to the subject of the action. Fed. R. Civ. P. 19(a)(1)(A)-(B). Coleman argues that all three determinant circumstances are present in this case.

**1. According Complete Relief Among the Existing Parties—19(a)(1)(A)**

Coleman asserts that the "the Court cannot possibly accord Coleman complete relief" absent the Inside Directors because "the Retainer Agreement provides that it is the Inside Directors – not Coleman – that must repay the Bank if it is ultimately decided that the Inside Directors were not entitled to indemnification" and because under the Retainer Agreement, the Inside Directors are legally responsible for paying Coleman for the legal services it provides. (Dkt. 12 at 5). Coleman argues the FDIC must join all parties to the contract, including the Inside Directors, because it seeks to void the Retainer Agreement. (Dkt. 12 at 5-6).

"[T]he term 'complete relief' refers only to 'relief between the persons already parties, and not as between a party and the absent person whose joinder is sought.'" *Davis Companies v. Emerald Casino, Inc.*, 268 F.3d 477, 484 (7th Cir. 2001) (quoting *Perrian v. O'Grady*, 958 F.2d 192, 196 (7th Cir.1992)). Here, the FDIC seeks a refund of the retainer pursuant to a claim that "the provisions of the Retainer Agreement requiring payment of the retainer were and are void *ab initio*." (Dkt. 1, ¶ 51). The FDIC's request for Coleman to relinquish the retainer requires nothing from the Inside Directors.

Coleman has not counterclaimed for any affirmative relief of its own. Thus, contrary to Coleman's assertions, any liability that the Inside Directors may have to Coleman for unpaid legal

3

fees if the retainer is relinquished to the FDIC is not at issue in this case and is irrelevant to the question of whether the FDIC can obtain completely the relief it seeks. The relief sought by the FDIC can be obtained from Coleman alone.

**2. Impaired Ability to Protect a Claimed Interest—19(a)(1)(B)(i)**

According to Coleman, the Inside Directors have an interest relating to this action because they are parties to a contract (the Retainer Agreement) that the FDIC seeks to partially void. (Dkt. 12 at 6). The FDIC counters that any interest the Inside Directors have in "benefitting from First DuPage's illegal prepayment" is "illegitimate and certainly not deserving of legal protection." (Dkt. 15 at 12). It also asserts that any interest the Inside Directors may have in this action is adequately protected by Coleman. *Id.* On this point, Coleman counters that it and the Inside Directors do not share identical interests because "the effect of the invalidation [of the Retainer Agreement] on Coleman and the Inside Directors . . . would be different." (Dkt. 16 at 6). But Coleman declines to describe with any specificity how Coleman and the Inside Directors' interests might diverge with respect to what is at stake in this action.

If a person's interests will be adequately represented by existing parties to the suit, it follows that such person's ability to protect its interest will not be impaired by its absence. *J.P. Morgan Chase Bank, N.A. v, McDonald,* 760 F.3d 646, 653 (7th Cir. 2014). Here, the Court agrees with the FDIC that any interest the Inside Directors may have in this action is adequately protected by Coleman. Both Coleman and the Inside Directors share an identical interest in the retainer payment's continuing validity. Accordingly, the Inside Directors presence in this suit is not required to prevent the impairment of their interests.

**3. Substantial Risk of Inconsistent Obligations—19(a)(1)(B)(ii)**

Coleman argues that it is at risk of being subject to inconsistent obligations because "[t]his Court could rule that the Inside Directors were not entitled to indemnification but another Court presiding

4

over a suit between Coleman and the Inside Directors could rule that the Inside Directors were entitled to indemnification." (Dkt. 12 at 6-7). As noted above, whether the Inside Directors were entitled to indemnification by the Bank is not at issue here. In any case, what Coleman describes in its motion to dismiss are inconsistent adjudications where two courts issue inconsistent rulings on a legal claim, not inconsistent obligations. *See Grubb & Ellis Co. v. Huntington Hoffman, LLC*, No. 10-CV-5068, 2010 WL 4962846, at *3 (N.D. Ill. Dec. 1, 2010) (Lefkow, J.) (explaining the difference). "Inconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident." *Id.* (quoting *Delgado v. Plaza Las Americas, Inc.*, 139 F.3d 1, 3 (1st Cir. 1998)).

In Coleman's worst case scenario, the prepayment provisions of the Retainer Agreement are voided, Coleman is ordered to refund the retainer to the FDIC, and in a subsequent suit is unable to recover the retainer amount from the Inside Directors. Contrary to Coleman's argument, such an outcome would not leave Coleman unable to comply with both courts' orders. Pursuant to the first order, Coleman would relinquish the retainer to the FDIC. Pursuant to the second order, its obligations would be nil. Coleman has not demonstrated it is at risk of being ordered to pay the FDIC and also being ordered to relinquish the same funds to another party. As such, it is not at risk of "double, multiple, or otherwise inconsistent obligations." Fed. R. Civ. P 19(a)(1)(B)(ii). This Court therefore finds that the Inside Directors are not necessary parties requiring joinder.

### 4. Feasibility of Joinder

Since the Court has found that the Inside Directors are not required parties under Rule 19(a), it need not decide whether their joinder is infeasible or whether they are indispensable parties, *Askew,* 568 F.3d at 635, and it declines to do so.
5

**Conclusion**

For the foregoing reasons, Defendants' motion to dismiss [11] is denied.

IT IS SO ORDERED.

_____
SHARON JOHNSON COLEMAN
United States District Judge

DATED:  August 11, 2015

6